UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BLAINE HARRINGTON, <br><br> Plaintiff, <br><br> v. <br><br> MCGRAW-HILL GLOBAL EDUCATION HOLDINGS LLC AND MCGRAW-HILL SCHOOL EDUCATION HOLDINGS LLC, <br><br> Defendants. | Civil Action No. 17-cv-2960 <br><br> COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL <br><br> ECF CASE |

Plaintiff Blaine Harrington, for his Complaint against Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (collectively "MHE") alleges:

**STATEMENT OF ACTION**

1.  This is an action for copyright infringement brought by Blaine Harrington, the owner of copyrights to the photographs ("Photographs") described hereafter, against MHE for use of Plaintiff's Photographs in MHE's publications.

**PARTIES**

2.  Blaine Harrington is a professional photographer who makes his living by creating and licensing photographs. He resides in Littleton, Colorado.

3.  MHE is a sophisticated global publisher incorporated in Delaware. MHE sells and distributes its publications in Colorado, throughout the United States, and overseas, including the publications and ancillary materials in which Plaintiff's Photographs are unlawfully reproduced. At all times pertinent to the allegations herein, MHE acted through or in concert with its various imprints, divisions, subsidiaries, affiliates, and/or third parties.

1

## JURISDICTION

4. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

## VENUE

5. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

6. Harrington is the creator and owner of copyrights in the photographic images ("Photographs") depicted and described in Exhibits 1 and 2 hereto.

7. The Photographs have been registered with the United States Copyright Office. The relevant registration information for each Photograph is identified in Exhibits 1 and 2.

8. Harrington entered into licensing agreements with stock photo companies, including Corbis Corporation and its predecessor The Stock Market (collectively, "Corbis") granting them limited rights to sublicense Harrington's photographs to third parties, in exchange for a percentage of the fees they negotiated.

9. Upon information and belief, between 2001 and the present, MHE obtained access to the Photographs by requesting permission to make limited use of the Photographs in specific publications. In response to requests from MHE, Harrington – directly, and through Corbis – granted MHE access to his photographs, and issued invoices specifying the limits of MHE's permission for use. Exhibit 1 to this Complaint identifies the Photographs by Image ID, description, and thumbnail, and includes the invoice number, date and MHE imprint that obtained access to the

Photographs. Upon information and belief, MHE obtained access to the Photographs shortly before the invoice dates identified in Exhibit 1.

10. Upon information and belief, any licenses MHE obtained for use of the Photographs were expressly limited by publication, number of copies, distribution area, image size, language, duration and/or media (print or electronic).

11. Upon information and belief, at the time MHE represented to the Harrington and Corbis that it intended to make specific, limited uses of Plaintiff's photographs, MHE often knew its actual uses would exceed those it was disclosing.

12. Shortly after obtaining access to the Photographs, upon information and belief, MHE infringed Plaintiff's copyrights in various ways, including:

   a. printing or distributing unauthorized copies of the Photographs;
   b. distributing publications containing the Photographs in unauthorized countries or geographic regions;
   c. publishing the Photographs in electronic, ancillary, or derivative publications without permission;
   d. publishing the Photographs in international editions and foreign publications without permission; and
   e. publishing the Photographs after the expiration of any authorization for use.

13. MHE reproduced Plaintiff's Photographs in the following publications, on the pages identified in Exhibit 2:

- *Glencoe A Bordo, Spanish 2* by Schmitt & Woodford, ©1997 (ISBNs 0026461188 and 0026460726);
- *¿Sabias que...? Beginning Spanish* by VanPatten, Lee, Ballman, 3e, ©1999 (ISBN 007365521X);
- *Parenting - Rewards & Responsibilities* by Hildebrand, (ISBN 0078690579);

3

- *Glencoe ¡Así se Dice!, Spanish 2* by Schmitt, ©2009 (ISBN 0078777836);

- *Dos Mundos - En Breve - Comunicacion y Comunidad* by Terrell, Andrade, Egasse, Munoz, 4e, ©2010 (ISBN 0073385328); and

- *California Mathematics 5* by Day (ISBN 0021058539);

- *Managerial Accounting 9e* by Hilton (ISBN 0078110912); and

- *Integrated Math 1* (ISBN 0076638588).

14. Upon information and belief, after obtaining access to the Photographs, MHE used them in additional publications as yet undisclosed. Plaintiff has no way of uncovering these additional unauthorized uses without discovery.

15. MHE alone knows the full extent to which it has infringed Plaintiff's copyrights by making unauthorized uses of the Photographs, but it will not disclose this information without litigation.

16. On September 23, 2014, a jury sitting in the Eastern District of Pennsylvania found MHE liable for copyright infringement of 38 photographs in 11 textbooks by the same scheme Plaintiff alleges here. *See Grant Heilman Photography, Inc. ("GHPI") v. McGraw-Hill School Education Holdings, LLC, et al.*, No. 5:12-cv-2061-MMB (Doc. 180, Judgment). The jury awarded $127,087 in actual damages and profits to that stock photography agency for those infringements. MHE subsequently admitted an additional 1,092 infringements of GHPI photographs.

17. On November 25, 2014, Judge Rebecca Pallmeyer in the Northern District of Illinois found MHE liable on summary judgment for 81 counts of copyright infringement for engaging in the same scheme Plaintiff alleges here (". . . McGraw-Hill violated the licensing agreements in three distinct ways: print overruns, distribution outside the authorized geographic areas, and unlicensed

4

reproductions in electronic media."). *See Panoramic Stock Images, Ltd. v. McGraw-Hill Global Education Holdings, LLC et al.,* No. 1:12-cv-09881 (Doc. 85, Memorandum Opinion and Order, p. 13).

18. According to a counterclaim filed by MHE's insurance company, Illinois National Insurance Company ("INIC"),

> as far back 2006, and perhaps earlier, MHE was aware of and sought to compensate photo stock agencies for its admitted breaches of certain licensing agreements which led to the widespread unauthorized use of images by MHE and the resulting [infringement actions].
>
> Despite knowledge of its breaches of the Licensing Agreements for over a decade, which ultimately led to the copyright infringement actions that have now been brought, MHE did not inform INIC prior to the inception of the Policies of its deliberate business practice alleged in the Underlying Actions, nor of the litigation or losses that would result from this deliberate practice. Nor did MHE advise INIC prior to the issuance of the Policies, that MHE would seek insurance proceeds for payment of the licensing fees that it failed to pay as required by the Licensing Agreements and the resulting financial gain that MHE enjoyed by not properly paying licensing fees.

See *McGraw-Hill Education, Inc. v. Illinois National Insurance Company,* Index No. 655708/2016, Doc. No. 17, attached hereto as Exhibit 3.

19. All exhibits attached hereto are incorporated into this Complaint by this reference.

## COUNT I

## COPYRIGHT INFRINGEMENT AGAINST MHE

20. Harrington incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

21. MHE's reproduction and distribution of Harrington's Photographs constitutes infringement of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

22. Plaintiff suffered damages as a result of MHE's infringement of the Photographs.

WHEREFORE, Plaintiff requests the following:

1. A preliminary and permanent injunction against MHE and anyone working in concert with MHE from copying, displaying, distributing, selling or offering to sell Harrington's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiffs' Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees.

5. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: December 11, 2017

                    Plaintiff Blaine Harrington,
                    by his attorneys,

                    Amanda L. Bruss
                    Harmon Seidman Bruss & Kerr, LLC
                    8728 East 54th Place
                    Denver, CO 80238
                    Tel: (303) 371-6754

E-mail:  amanda@harmonseidman.com

Christopher Seidman
Harmon Seidman Bruss & Kerr, LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
Tel:  (970) 245-9075
E-mail:  chris@harmonseidman.com