IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-02960-RM-KMT

BLAINE HARRINGTON,

    Plaintiff,

v.

McGRAW-HILL GLOBAL EDUCATION HOLDINGS LLC *et al.*,

    Defendants.

DECLARATION OF BLAINE HARRINGTON IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Blaine Harrington, make this declaration in support of my Motion for Partial Summary Judgment against Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (collectively "McGraw"), submitted concurrently. I have personal knowledge of the facts stated herein and if called upon could testify to them.

1. I have been a professional photographer for over 40 years. I am the author and copyright owner of all of the photographs in this case, including those identified in the Claims Summary ("Photographs").

2. Each of the Photographs is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. True and correct copies of the pertinent Certificates of Registration, and the relevant page of the deposit I submitted in connection with Registration VA 1-775-610, are attached here as <u>Exhibit 1</u>.

---

3. I license photographs directly and through stock photo agencies by written agreement.

4. I authorized stock photo agencies, including Corbis Corporation ("Corbis") and its predecessor The Stock Market, to issue limited licenses for use of my photographs. Attached as Exhibit 2 is my 2005 agreement with Corbis. My agreements with The Stock Market and Corbis gave them permission to issue limited licenses for use of my images by third parties, in exchange for reasonable license fees.

5. Rights-managed licenses are limited in scope. These limits, in the context of textbook usage, include a maximum number of copies authorized, the maximum size of the reproduction, placement of the image in the book (e.g. cover use, chapter opener, or inside use), as well as limitations on the geographic distribution, media, and language of the product in which the image is to be used. Rights-managed licenses also generally include a durational limitation. A rights-managed license only covers the identified use. To use the image in any different way, a new license is needed.

6. Royalty-free licenses grant non-exclusive, unlimited and multiple use of an image with few, if any, restrictions.

7. My agreements with The Stock Market and Corbis authorized them to issue rights-managed licenses. I did not authorize either The Stock Market or Corbis to issue royalty-free licenses.

8. I participated in the Corbis Copyright Registration Program ("Registration Program"). Through the Registration Program, I authorized Corbis to register my photographs. Corbis assigned back to me complete copyright ownership of all my photographs it registered.

9.   I received requests from McGraw seeking permission to reproduce and distribute my photographs in its publications. Two such requests are attached here as Exhibit 3. These requests seek permission to reproduce one of my photographs in *Living With Art*, 9e, ISBN # 0073379204, and then in Living With Art, 10e. ISBN # 0073379255. These requests are typical of those I received from McGraw. McGraw's requests included a maximum number of copies. I based my license fees in part on this maximum print run number.

10.   McGraw's requests also sought specific geographic distribution rights (North American). I based my license fees in part on the area of geographic distribution. When I grant licenses for specific geographic distribution areas, the license does not permit distribution of my work beyond the area(s) listed.

11.   McGraw's requests in Exhibit 3 also expressly asked for ebook rights, and identified the number of ebooks it wanted to make. I generally charge additional fees for electronic rights, and my licenses do not include electronic use unless expressly authorized in writing on the face of the invoice. As a general matter, the greater the rights a customer wants, the larger the license fee will be.

12.   In response to McGraw's requests, I issued limited licenses for the use of my photographs, in the form of a written invoice, or license. True and accurate copies of the original invoices I issued to McGraw in connection with the publications at issue in this motion are attached to this declaration as Exhibit 4. I have always required McGraw to request and pay for a written license before using my work.

---

13. All of the licenses I issued to McGraw were for "one-time" use. That means the license is for use of the listed photograph(s) one time, in the specific publication or product, and per the limitations identified in the license, and not for unknown future uses determined later.

14. The licenses I granted to McGraw contained firm and clear limitations on the authorized uses of my photographs. I believed that McGraw would use my photographs only after obtaining a license authorizing that particular use.

15. McGraw has never asked me to create photographs for it to include in its publications. I created all of the Photographs of my own volition, with no notion at the time of creation that any of the photographs would eventually be used in McGraw's publications.

16. At the time I filed this case, I knew only that McGraw had a pattern and practice of infringing stock photography in its publications, and that McGraw used my Photographs in ten publications (discovered by my counsel) for which I had no record of any license ever having been granted.

17. The royalty statements that I received from Corbis typically included the invoice number and date, the licensor name, Corbis's image ID and description, a code for the type of use (i.e., "BOOK" or "ADMAG"), the customer (licensee) name, and the royalty calculation. The royalty statements did not include license terms or the specific limits on how the customer may use the photographs, such as number of copies, distribution area, image size, language, duration and/or media (print or electronic). I did not receive copies of the licenses that Corbis issued to publishers like McGraw.

18. Because much of the licensing of my work was done through stock photo agencies, my ability to determine whether any of McGraw's uses were infringing was limited. I don't believe

McGraw's usage data is publicly available, so even if I knew that a license was issued for one of my photographs in a particular McGraw publication, I would have no way to know whether McGraw continued to use the photograph after that license was used up.

19. I have no means of knowing McGraw's actual uses of my images unless McGraw provides me with that information, which it does not voluntarily do. It is not economically feasible for me to monitor the licensees' use of my photographs; I would need to hire a staff of investigators to do so.

20. I did not authorize McGraw to use any of my photographs, including the Photographs, beyond the scope of the written licenses it obtained.

21. Prior to the commencement of this lawsuit, McGraw never informed me that it believed it was authorized to use images without first requesting permission and paying for the uses. Nor did McGraw inform me – prior to the commencement of this lawsuit – that it had used my photographs beyond the written terms of the licenses it paid for.

22. I have not been paid for McGraw's use of my photographs beyond license terms addressed in my Motion for Partial Summary Judgment.

23. The stock photography business is based on trust between the licensors and the publishers. At no point during my licensing relationships with Corbis and McGraw did I suspect or have reason to believe that McGraw was making unauthorized uses of my images.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Littleton, Colorado, on September  27 , 2018

*Blaine Harrington*
Blaine Harrington

CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2018 caused the foregoing Declaration to be filed via ECF with the Clerk of Court, who will send notification to all counsel of record.

*s/ Amanda L. Bruss*
Amanda L. Bruss
Harmon Seidman Bruss & Kerr, LLC

---