IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:17-cv-02960-RM-SKC

BLAINE HARRINGTON,

    Plaintiff,

v.

MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and
MCGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC,

    Defendants.

___

**ORDER**
___

This matter is before the Court on Defendants' Motion for Partial Summary Judgment (ECF No. 52) and Plaintiff's Motion for Partial Summary Judgment (ECF No. 70). Both motions have been fully briefed. (ECF Nos. 59, 63, 77, 84, 87, 91.) For the reasons that follow, Defendants' motion is granted in part and denied in part, and Plaintiff's motion is denied.

**I.    BACKGROUND**

Defendants publish textbooks and educational products. Plaintiff is a photographer alleging that Defendants made unauthorized use of his photos. The fifty-one photos originally at issue in this case are presented with his complaint at Exhibit 1, Rows 1 through 41; and Exhibit 2, Rows 1 through 10. (ECF Nos. 1-1, 1-2.) Defendants licensed Plaintiff's photos either directly from Plaintiff or through stock photo agencies, including Corbis Corporation ("Corbis").

The licenses negotiated between Defendants and Corbis were governed, in part, by Preferred Pricing Agreements ("PPAs"), which listed prices for a range of uses of a photo. Corbis gave Defendants access to its stock photo collection, and once they decided to use a photo, they would send an invoice request to Corbis, "typically including the anticipated print run, geographic distribution, language(s), and format(s) of the textbook that would likely contain the selected photo." (ECF No. 52 at 4.) Corbis would then issue an invoice stating the scope of the license for that photo. But according to Defendants, "the invoices alone did not control [their] permission to use the images." (*Id.*) Rather, the parties had developed "understandings" during their years of doing business together such that "sometimes the invoice requests were sent after the initial publication," and if Defendants exceeded the use they initially paid for, they "could be required to make an additional payment, if Corbis so requested." (*Id.*)

## II. LEGAL STANDARDS

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). A fact is "material"

if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

When a court is presented with cross-motions for summary judgment, it "must view each motion separately, in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor." *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 906-07 (10th Cir. 2016) (quotation omitted). "Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another." *Id.* at 907 (quotation omitted).

## III. ANALYSIS

"To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original." *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005). "A licensee infringes the owner's copyright if its use exceeds the scope of its license." *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir. 1989). Plaintiff alleges a quintessential copyright claim: that Defendants' use of his photos exceeded the scope of whatever licenses it had to use them.

### A. Defendants' Motion for Partial Summary Judgment

Defendants contend they are entitled to summary judgment with respect to forty-six of Plaintiff's fifty-one claims. Plaintiff concedes that he has not alleged damages for thirty-one of them. (ECF No. 59 at 3.) Therefore, partial summary judgment in Defendants' favor on those

3

claims is appropriate. That leaves twenty claims at issue: Exhibit 1, Rows 1, 4, 5, 7, 10, 11, 31, 34, 35, 37, 39, and 41; and Exhibit 2, Rows 1, 2, 4, 5, 6, 7, 8, and 9.

        1.      "Undisputed" Claims

Defendants argue there is no genuine issue that they did not exceed their licensed use with respect to eight of the claims still at issue. In support of granting judgment on four of these claims, Defendants cite facts from the Statement of Undisputed Material Facts ("SUMF") that are indeed undisputed by Plaintiff. (ECF No. 64 at ¶¶ 40, 41, 43, 45, 48, 49.) In his opposition to Defendant's motion, Plaintiff does not offer any argument that genuine issues of material fact exist with respect to these claims. (ECF No. 59 at 3.) Accordingly, the Court agrees with Defendants that judgment in their favor is appropriate regarding Exhibit 1, Rows 10 and 11; and Exhibit 2, Rows 5 and 6.

With respect to the four other claims on which Defendants contend they are entitled to summary judgment based on "indisputable record evidence," (ECF No. 52 at 11), Defendants cite facts from the SUMF that are disputed by Plaintiff. Moreover, in his opposition, Plaintiff reiterates his position that Defendants' use of these photos was not licensed. (ECF No. 59 at 3.) With respect to Exhibit 1, Row 7, Plaintiff alleges unlicensed digital use. Defendants concede that the applicable license is silent as to digital use but argue that the applicable PPA allows such use. (ECF Nos. 52 at 9 n.6; 64 at ¶ 44.) With respect to Exhibit 1, Row, 31, the parties disagree about whether the applicable license expired before Defendants stopped using the photo. (ECF No. 64 at ¶ 46.) With respect to Exhibit 2, Row 4, the parties dispute whether Defendants' use was authorized by the applicable license or licenses. (*Id.* at ¶ 47.) And with respect to Exhibit 2, Row 7, there are disputes as to whether the applicable invoice properly identified the books in

which it appeared and whether these were separate uses of the photo. (*Id.* at ¶ 50.) The Court finds that genuine issues of material fact exist as to whether Defendants' use was within the scope of any applicable license on these claims; therefore, Defendants are not entitled to judgment on Exhibit 1, Rows 7 and 31; and Exhibit 2, Rows 4 and 7.

2. Covenant/Condition Doctrine

Defendants next argue they are entitled to summary judgment on seven of the remaining claims because they are barred by the covenant/condition doctrine. Defendants made a similar argument in *Kashi v. McGraw-Hill Global Educ. Holdings*, No. 17-1818, 2018 WL 5262733, *4 (E.D. Penn. Oct. 23, 2018). There, the court rejected the notion that the plaintiff's claims sounded in contract and therefore were not actionable under copyright law. *Id.* at *4-8. The court determined that the pricing terms in the PPAs did not mean that "overuse" of the plaintiff's images was contemplated by the parties' agreement because "[s]pecifying a price if you agree to a transaction in the future is not the same as agreeing to a transaction." *Id.* at *6. Moreover, the *Kashi* court noted, the parties' agreement expressly provided that unauthorized use of the images would constitute copyright infringement. *Id.* The Court agrees with the *Kashi* court's rationale.

Defendants' argument boils down to a contention that, based on the PPAs and their course of conduct with Corbis, they could use photos first (or exceed the use previously licensed) and then license and pay for that use later. But the Court finds Defendants cannot so easily convert this copyright infringement case into a breach of contract case. Plaintiff's rights under copyright law cannot be displaced by any agreement—express or implied—between Defendants and Corbis. Rather, "[s]ince a nonexclusive license does not transfer ownership of the copyright from the licensor to the licensee, the licensor can still bring suit for copyright infringement if the

5

licensee's use goes beyond the scope of the nonexclusive license." *MacLean Assocs., Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 779 (3d Cir. 1991). In short, if Defendants' use of the photos was unauthorized, as Plaintiff alleges, copyright law provides a remedy. Indeed, at least one of the PPAs expressly provides: "Unauthorized use of these Images constitutes copyright infringement and shall entitle Corbis to exercise all rights and remedies under applicable copyright law, including an injunction preventing further use and monetary damages against all users and beneficiaries of the use of such Images." (ECF No. 57 at 11.) Accordingly, Defendants are not entitled to summary judgment on the ground that Plaintiff's claims are barred by the covenant/condition doctrine.

        3.      <u>Statutory Damages</u>

Defendants also contend that Plaintiff is not entitled to statutory damages on any of the remaining claims. *See* 17 U.S.C. § 412(2) (disallowing an award of statutory damages if registration is not made within three months after the first publication of the work). But Plaintiff has alleged statutory damages based on Exhibit 1, Row 7, and Defendants concede that their use of that photo "began after the date in the purported Copyright Registration for that photo." (ECF No. 54 at ¶ 71.) As discussed above in section III.A.1, Plaintiff's claim based on this photo remains viable. The Court therefore concludes there is a genuine issue of material fact regarding statutory damages with respect to this claim, and Defendants are not entitled to summary judgment as to this claim.

As to all other photos, Defendants' motion for partial summary judgment as it pertains to entitlement to statutory damages is granted. Plaintiff's response on this issue (ECF No. 59 at 19)

does not even attempt to address any other photo. The Court will not scour the record looking for a material issue with respect to statutory damages where Plaintiff fails to do so.

### B. Plaintiff's Motion for Partial Summary Judgment

Plaintiff contends he is entitled to summary judgment with respect to twelve of his claims.[1] The essence of his argument is that there is no genuine issue that Defendants' use of these photos exceeded the applicable licenses (if any) Defendants obtained. He also seeks rulings that three of Defendants' asserted affirmative defenses fail as a matter of law and that Defendants' conduct was willful.

#### 1. "Undisputed" Claims

With respect to nine of the claims on which Plaintiff seeks summary judgment, Defendants admit to printing and distributing more copies than were expressly licensed. (ECF No. 85 at ¶¶ 17-32.) They contend these claims are barred nonetheless by the applicable statute of limitations. As discussed below, genuine issues of material fact exist as to the applicability of the statute of limitations. Thus, Plaintiff is not entitled to summary judgment on Exhibit 1, Rows 1, 4, 5, 34, 35, 37, 39, and 41; and Exhibit 2, Row 8.

With respect to Exhibit 1, Row 7, the Court has already identified a genuine issue precluding summary judgment in Defendants' favor. In addition, Defendants argue in their opposition to Plaintiff's motion that Plaintiff does not have a valid copyright for this photo due to how it was registered by Corbis. (ECF Nos. 77 at 14-17; 85 at ¶ 3.) These disputed issues preclude granting judgment in favor of Plaintiff on this claim.

---

[1] Although Plaintiff has compiled these photos in a new exhibit for purposes of his motion, the Court finds it less confusing to refer to them as they were presented with Plaintiff's complaint. The twelve claims analyzed here are Exhibit 1, Rows 1, 4, 5, 7, 34, 35, 37, 39, 41; and Exhibit 2, Rows 1, 2, and 8. The Court does not interpret Plaintiff's motion to mean he has abandoned the claims on which he does not seek summary judgment.

7

With respect to Exhibit 2, Rows 1 and 2, Plaintiff has not identified a factual basis establishing the absence of a genuine issue of material fact. Therefore, he is not entitled to judgment on these claims.

2. Affirmative Defenses

Defendants' second affirmative defense is that Plaintiff's claims are barred by the statute of limitations. (ECF No. 18 at 8.) A claim for copyright infringement must be brought within three years after the claim accrued. 17 U.S.C. § 507(b). In this circuit, "a claim for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Diversey v. Schmidly*, 738 F.3d 1196, 1200 (10th Cir. 2013) (quotation omitted). "Where the affirmative defense of the statute of limitations is asserted, summary judgment may be proper where there is no dispute or genuine issue as to the time when the statute commenced to run." *City of Wichita v. U.S. Gypsum Co.*, 72 F.3d 1491, 1498 (10th Cir. 1996). Here, Defendants point to Plaintiff's email correspondence with Corbis from 2007 through 2014, in which he expressed his concerns that he was not being compensated for every use of his photos. (ECF Nos. 85, ¶¶ 90-110.) Though this is thin evidence on which to find Plaintiff chargeable with knowledge that his copyrights were being infringed by Defendants, when viewed in the light most favorable to Defendants it is sufficient to establish a genuine issue for a jury. *See Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1389 (10th Cir. 1985) ("The question of when the plaintiffs knew or should have known of the facts constituting their cause of action presents a genuine issue of material fact, and summary judgment therefore was improperly granted."). Therefore, the Court denies Plaintiff's request to strike Defendants' affirmative defense based on the statute of limitations.

Defendants' fifth affirmative defense is that Plaintiff's claims are barred because their use of his photos was licensed. (ECF No. 18 at 8.) The scope of Defendants' licenses is the core legal issue of this dispute, and it hinges on the terms of each license, how the photos were used, whether photos were subject to multiple licenses or were re-licensed, and the effect of the PPAs. These disputed factual issues preclude granting summary judgment at this stage of the case.

Defendants' sixth affirmative defense is that Plaintiff's claims are barred "by the consent arising from the course of dealing between the parties to the transactions at issue in this proceeding." (ECF No. 18 at 9.) Generally, a contract cannot be implied in fact where an express contract covers the subject matter involved. *See Pepsi-Cola Bottling Co. of Pittsburg, Inc., v. PepsiCo, Inc.*, 431 F.3d 1241, 1257 (10th Cir. 2005). Still, the Court is not prepared to strike this affirmative defense on the current record, as there are disputed issues about the relationship between Defendants and Corbis and the means by which they negotiated licenses for the use of Plaintiff's photos.

3. Willfulness

Plaintiff also seeks a ruling that Defendants' conduct was willful as a matter of law. This request is premature, as Defendants have not been found liable on any of Plaintiff's claims. Moreover, it is a question better left to a jury. Accordingly, Plaintiff's request for a ruling on Defendants' willfulness is denied.

IV. CONCLUSION

Therefore, the Court ORDERS

(1) Defendants' motion for partial summary judgment is GRANTED IN PART and DENIED IN PART, as stated herein (i.e., the claims remaining in this case are Exhibit 1,

Rows 1, 4, 5, 7, 31, 34, 35, 37, 39, and 41; and Exhibit 2, Rows 1, 2, 4, 7, 8, and 9; and statutory damages as to Exhibit 1, Row 7 only); and

(2)     Plaintiff's motion for partial summary judgment is DENIED.

DATED this 22nd day of March, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge